UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,  Criminal Case No. 3:02-CR-00491-15-KI

    Plaintiff,

              v.  OPINION AND ORDER

**JASON LAWRENCE CAVEZZA**,

    Defendant.

    S. Amanda Marshall
    United States Attorney
    District of Oregon
    John F. Deits
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, Oregon  97204-2902

        Attorneys for Plaintiff

Jason Lawrence Cavezza, #71501-065
Moshannon Valley Correctional Institution
555 Geo Drive
Philipsburg,, PA 16866

    Pro Se Defendant

KING, Judge:

Petitioner Jason Lawrence Cavezza was indicted for Conspiracy to Distribute more than 100 Kilograms of Marijuana, in violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(B)(viii). He pleaded guilty under a Plea Agreement calling for a joint recommendation of 96 months imprisonment; I imposed the requested sentence. Cavezza filed a Petition for Habeas Corpus. I deny the Petition for several reasons explained below.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, a district court must grant a hearing to determine the validity of a petition "unless the motion and the files and the record of the case conclusively show that the prisoner is entitled to no relief." United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir. 2003). The petitioner must allege specific facts which, if true, would entitle him to relief. The court may refuse to hold an evidentiary hearing if the claim is "so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

**DISCUSSION**

Cavezza claims the prosecution misinterprets his habeas corpus petition as a petition under Section 2255. Instead, Cavezza explains his habeas corpus petition raises a due process/subject matter jurisdiction issue. He appears to argue that the issue discussed below concerning his arrest warrant deprives this court of subject matter jurisdiction. I assure Cavezza that the indictment charging him with violation of a federal law provides ample subject matter jurisdiction, regardless of any problem with the arrest warrant. 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). The Petition asks me to release him from custody because of constitutional violations surrounding his arrest. Thus, as can be seen from the statutory quote above, Cavezza does raise his claim as a motion under Section 2255.[1]

Cavezza alleges his arrest warrant was not supported by oath or affirmation and thus violates the Due Process Clause of the Fifth Amendment and the Warrant Clause of the Fourth Amendment ("no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized").

The first reason to deny Cavezza's motion is that he waived his right to bring a Section 2255 motion as part of his Plea Agreement.

A defendant may waive a statutory right to appeal his sentence or to collaterally attack a conviction through a § 2255 motion, but an express waiver is only valid if knowingly and voluntarily

---

[1] I am aware of the warnings the court is required to provide a pro se defendant before recharacterizing his motion as a first § 2255 motion, as described in <u>Castro v. United States</u>, 540 U.S. 375, 124 S. Ct. 786 (2003). However, the statute of limitations problem, described below, makes any warning futile.

made.  United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996).  The circumstances surrounding the signing and entry of the plea agreement are considered in determining if a defendant accepted the agreement's terms knowingly and voluntarily.  Id.

While represented by counsel, Cavezza signed a Plea Agreement which states:  "Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C.§ 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel . . . ."  Cavezza does not argue that his waiver was not knowingly and voluntarily made.  My practice is to carefully question a defendant entering into a Plea Agreement to make sure the defendant understands the bargain and is not being coerced.  If there are any issues in my mind, I postpone the change of plea hearing to let the defendant reconsider and further consult with counsel.  I remember no problems with Cavezza's plea.

The second reason to deny Cavezza's motion is because it is time-barred.  In his case, a Section 2255 motion must be filed within one year of the "date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  In this case, the judgment of conviction became final when the time ended during which Cavezza could appeal.  United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005).  I entered an Amended Judgment for Cavezza on December 1, 2009.  He had fourteen days to file an appeal, but did not do so.  Fed. R. App. 4(b)(1).  Thus, Cavezza had to file his Section 2255 motion by December 15, 2009.  He did not file the motion until July 16, 2012, several years too late.  The motion is time-barred.

The third reason to deny Cavezza's motion is because his argument fails on the merits.  An indictment returned by a grand jury "conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry."  Gerstein v. Pugh, 420 U.S. 103, 117

Page 4 - OPINION AND ORDER

n.19, 95 S. Ct. 854 (1975). In effect, the indictment takes the place of the oath or affirmation specified by the Fourth Amendment. Cavezza's arrest warrant was valid.

The case record conclusively shows that Cavezza is not entitled to relief and, thus, not entitled to an evidentiary hearing.

**CONCLUSION**

Cavezza's Habeas Corpus Petition [824] and Leave to Add or Amend Another Allegation [832] are denied. Because Cavezza has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this    23rd    day of October, 2012.

                                       /s/ Garr M. King
                                       Garr M. King
                                       United States District Judge