UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.

**JASON LAWRENCE CAVEZZA**,

    Defendant.

3:02-CR-00491-15-KI

OPINION AND ORDER

    S. Amanda Marshall
    United States Attorney
    District of Oregon
    John F. Deits
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, Oregon 97204-2902

        Attorneys for Plaintiff

Jason Lawrence Cavessa
Moshannon Valley Correctional Institution
Reg. No. 71501-065
555 Geo Drive
Philipsburg, PA 16866

    Pro Se Defendant

KING, Judge:

Petitioner Jason Lawrence Cavezza was indicted for Conspiracy to Distribute more than 100 Kilograms of Marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(vii). He pleaded guilty under a Plea Agreement calling for a joint recommendation of 96 months imprisonment; I imposed the requested sentence. This opinion addresses two motions defendant filed pro se.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, a district court must grant a hearing to determine the validity of a petition "unless the motion and the files and the record of the case conclusively show that the prisoner is entitled to no relief." United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir. 2003). The petitioner must allege specific facts which, if true, would entitle him to relief. The court may

refuse to hold an evidentiary hearing if the claim is "so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

**DISCUSSION**

I.    Motion to Amend Judgment

The Amended Judgment in a Criminal Case, ECF No. 684, states Cavezza was convicted of Conspiracy to Distribute and to Possess with Intent to Distribute More Than 100 Kilograms of Marijuana, in violation of 21 USC §§ 846 and 841(a)(1) and (b)(1)(B)(viii). Cavezza asks me to remove the language listing the conviction under Section 846 and the language "to Possess with Intent to Distribute More Than 100 Kilograms of Marijuana[.]" He argues the plea agreement under Rule 11(c)(1)(C) only required him to plead guilty to a violation of Section 841(a)(1) and (b)(1)(B)(vii), and not to a violation of Section 846.

The government concedes the clerical error in the Amended Judgment's reference to Section 841(b)(1)(B)**(viii)**–it should instead reference Section 841(b)(1)(B)**(vii)**. I will file an Amended Judgment making this change.

Cavezza's argument, however, is not supported by the plea agreement. In the Plea Agreement Letter, he agreed to plead guilty to "Count #1 (Object A) of the 10th Superseding Indictment, which charges the crime of Conspiracy to Distribute Marijuana in violation of Title 21, United States Code, Section(s) 846, 841(a)(1) and (b)(I)(B)(vii)." Pet. to Enter Plea of Guilty at 10, ECF No. 660. In the Plea Petition, which Cavezza also signed, he agreed to plead guilty to "Count 1 (Object A) of the 10th Superseding Indictment: Conspiracy in the Distribution of Marijuana in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(B)(vii)." Id. at 6. Although the Plea

Page 3 - OPINION AND ORDER

Petition language does not mention Section 846, the connection to that section is drawn in the Tenth Superseding Indictment, which charges in Count One:

> Objects of the Conspiracy
>
> A. <u>Marijuana</u>: to distribute and to possess with intent to distribute more than 100 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and (b)(l)(B)(vii);
>
> . . . .
>
> All in violation of Title 21, United States Code, Section 846.

Tenth Superseding Indictment at 1-2, ECF No. 498.

It is difficult to discern Cavezza's problem with the language which he wants deleted: "to Possess with Intent to Distribute More Than 100 Kilograms of Marijuana[.]" He quotes from his admission in the Plea Petition: "I knowingly conspired with others, by aiding and abetting them, in the distribution of 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana." Pet. to Enter Plea of Guilty at 6, ECF No. 660. My guess is Cavezza believes there is a difference between 100 kilograms of marijuana and 100 kilograms of a mixture containing a detectable amount of marijuana. He might be arguing the first item must be pure marijuana and the second item could be a tiny, detectable amount of marijuana in a mixture of mostly filler substance. The statute under which he is convicted, however, uses the "detectable amount of marijuana" language. Thus, I see no problem with the wording in the Amended Judgment.

In summary, I will file an amended judgment correcting the clerical error citing the wrong subsection of the statute, but I deny Cavezza's request to make the other changes.

II. <u>Motion to Vacate Conviction</u>

Cavezza titled his filing as a motion to vacate his conviction, due to violations of the Fourth, Fifth, and Sixth Amendments, rather than as a petition under Section 2255. The Petition asks me to release him from custody because of constitutional violations surrounding his arrest. Thus, as can be seen from the statutory quote above, Cavezza does bring his claim as a motion under Section 2255.[1]

Cavezza argues his constitutional rights were violated because his prosecution was based on an indictment and not on a criminal complaint supported by affidavit.

The first reason to deny Cavezza's motion is that he waived his right to bring a Section 2255 motion as part of his Plea Agreement. I found his waiver was valid in my Opinion and Order denying his earlier Section 2255 petition. <u>United States v. Cavezza</u>, No. 3:02-CR-00491-15-KI, 2012 WL 5271805, at *1-2 (D. Or. Oct. 23, 2012). I stand by my earlier conclusion.

The second reason to deny Cavezza's motion is because it is time-barred. In his case, a Section 2255 motion must be filed within one year of the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In this case, the judgment of conviction became final when the time ended during which Cavezza could appeal. <u>United States v. LaFromboise</u>, 427 F.3d 680, 683 (9th Cir. 2005). I entered an Amended Judgment for Cavezza on December 1, 2009. He had fourteen days to file an appeal, but did not do so. Fed. R.

---

[1] I am aware of the warnings the court is required to provide a pro se defendant before recharacterizing his motion as a § 2255 motion, as described in <u>Castro v. United States</u>, 540 U.S. 375, 124 S. Ct. 786 (2003). However, the numerous problems with his petition described below make any warning futile.

App. 4(b)(1). Thus, Cavezza had to file his Section 2255 motion by December 15, 2009. He did not file the current motion until April 11, 2013–years too late. The motion is time-barred.

The third reason to deny Cavezza's motion is because it is a second or successive Section 2255 motion which does not fall within the narrow exceptions allowing filing. A second or successive motion must be certified by the court of appeals to contain either newly discovered evidence establishing the prisoner's innocence or a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h). A petition for a writ of habeas corpus is "'second or successive' if it raises claims that were or could have been adjudicated on the merits in an earlier petition." Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). That is the case here–Cavezza makes no arguments that were unavailable at the time of his first petition. Importantly, Cavezza did not obtain the certification from the Ninth Circuit. A district court lacks jurisdiction to consider the merits of a second or successive petition if the petitioner did not obtain the required certification from the court of appeals. Id. at 1274; Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 796 (2007). Thus, I cannot grant Cavezza's petition.

The final reason to deny Cavezza's motion is because his argument fails on the merits. The Fifth Amendment provides that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." An indictment returned by a grand jury "conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry." Gerstein v. Pugh, 420 U.S. 103, 117 n.19, 95 S. Ct. 854 (1975). The grand jury indicted Cavezza in the Tenth Superseding Indictment for the crimes under which he was convicted. He actually received more due process than if the arrest warrant

was based on a complaint and affidavit. The procedure did not violate Cavezza's constitutional rights.

The case record conclusively shows Cavezza is not entitled to relief and, thus, not entitled to an evidentiary hearing.

## CONCLUSION

Cavezza's Motion to Vacate [843] is denied. Cavezza's Motion to Amend Judgment [842] is granted in part to correct the clerical error described above. Because Cavezza has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this   13th   day of August, 2013.

      /s/ Garr M. King
Garr M. King
United States District Judge